UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROL GOREY,

      Plaintiff,

-against-

MANHEIM NEW YORK, MANHEIM
SERVICES CORPORATION d/b/a MANHEIM
NEW YORK and d/b/a NEWBURGH AUTO
AUCTION, MANHEIM, Subsidiary of COX
ENTERPRISES, INC., MANHEIM
AUTOMOTIVE DEALER SERVICES, INC.,
MANHEIM'S PENNSYLVANIA AUCTION
SERVICES, INC., and MANHEIM'S
REMARKETING SOLUTIONS,

      Defendants.

COMPLAINT

JURY TRIAL DEMANDED

10 CIV 01132

JUDGE ROBINSON



  Plaintiff CAROL GOREY, by her attorneys GLASS KRAKOWER LLP, as and for her Verified Complaint against Defendants MANHEIM NEW YORK, MANHEIM SERVICES CORPORATION d/b/a MANHEIM NEW YORK and d/b/a NEWBURGH AUTO AUCTION, MANHEIM, Subsidiary of COX ENTERPRISES, INC., MANHEIM AUTOMOTIVE DEALER SERVICES, INC., MANHEIM'S PENNSYLVANIA AUCTION SERVICES, INC., and MANHEIM'S REMARKETING SOLUTIONS, respectfully alleges as follows:

## PRELIMINARY STATEMENT

  1. This is an action arising out of, *inter alia*, Defendants' failure to pay Plaintiff compensation as required by The Fair Labor Standards of 1938 ("FLSA"), 29 U.S.C. § 207.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

1

Accordingly Plaintiff is entitled to liquidated damages pursuant to the FLSA's penalties provisions, 29 U.S.C. § 216(b).

2. Plaintiff further complains and seeks compensation for Defendants' violation of the wage and overtime provisions of Articles 6 and 19 of the New York State Labor Law and their supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 ("New York State Labor Law").

3. Plaintiff further complains and seeks compensation for Defendants' retaliation against her for making complaints regarding FLSA and state law violations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 29 U.S.C. §§ 216 and 28 U.S.C. §§ 1331 and 1337.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Plaintiff

8. The Plaintiff herein, Carol Gorey, is a resident of the State of New York, County of Orange. Her consent to sue is attached to the back of this complaint.

**Defendants**

9. Upon information and belief, Defendant MANHEIM NEW YORK ("Manheim New York") is a wholesale vehicle auction company authorized to do business in the State of New York and, at times relevant to the allegations herein, engaged in business in the State of New York. Defendant Manheim New York has a principal place of business at 18 Route 17K, Newburgh, New York 12550. Defendant Manheim New York a foreign business corporation having a registered agent designated to the New York Department of State as Corporation Service Company, 80 State Street, Albany, New York, 12207-2543, which agent is authorized to accept service of process on its behalf.

10. Upon information and belief, Defendant MANHEIM SERVICES CORPORATION d/b/a MANHEIM NEW YORK d/b/a NEWBURGH AUTO AUCTION ("Manheim Services Corporation") is a wholesale vehicle auction company authorized to do business in the State of New York and, at times relevant to the allegations herein, engaged in business in the State of New York. Defendant Manheim Services Corporation has a principal place of business at 18 Route 17K, Newburgh, New York 12550. Defendant Manheim Services Corporation is a foreign business corporation having a registered agent designated to the New York Department of State as Corporation Service Company, 80 State Street, Albany, New York, 12207-2543, which agent is authorized to accept service of process on its behalf.

11. Upon information and belief, Defendant MANHEIM, Subsidiary of COX ENTERPRISES, INC. ("Manheim") is a wholesale vehicle auction company and the world's largest provider of vehicle remarketing services, operating in more than 130 locations worldwide.

12. Also upon information and belief Defendant Manheim is the parent corporation of, and exercises corporate control over, Defendant Manheim New York, Defendant, Defendant Manheim Services Corporation, Defendant MANHEIM AUTOMOTIVE DEALER SERVICES, INC. ("Manheim Automotive Dealer Services"), Defendant MANHEIM'S PENNSYLVANIA AUCTION SERVICES, INC. ("Manheim's Pennsylvania Auction Services"), and MANHEIM'S REMARKETING SOLUTIONS ("Manheim's Remarketing Services").

13. Upon information and belief, Defendant Manheim Automotive Dealer Services is a foreign business corporation authorized to do business in the State of New York and, at times relevant to the allegations herein, engaged in business in the State of New York and having a registered agent designated to the New York Department of State as Corporation Service Company, 80 State Street, Albany, New York, 12207-2543, which agent is authorized to accept service of process on its behalf.

14. Upon information and belief, Defendant Manheim's Pennsylvania Auction Services is a foreign business corporation authorized to do business in the State of New York and, at times relevant to the allegations herein, engaged in business in the State of New York. Defendant Manheim's Pennsylvania Auction Services has designated Corporation Service Company, 80 State Street, Albany, New York, 12207-2543 to the New York Department of State to accept service of process on its behalf.

15. Upon information and belief, Defendant Manheim's Remarketing Services is a foreign business corporation authorized to do business in the State of New York and, at times relevant to the allegations herein, engaged in business in the State of New York and having a registered agent designated to the New York Department of State as Corporation Service

Company, 80 State Street, Albany, New York, 12207-2543, which agent is authorized to accept service of process on its behalf.

16. Defendant Manheim New York is an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

17. Defendant Manheim Services Corporation is an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

18. Defendant Manheim is an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

19. Defendant Manheim Automotive Dealer Services is an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

20. Defendant Manheim's Pennsylvania Auction Services is an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

21. Defendant Manheim's Remarketing Services is an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

22. All actions and omissions described in this complaint were made by Defendants directly and/or through their supervisory employees and agents.

23. Defendant Manheim New York routinely conducts business within the Southern District of New York.

24. Defendant Manheim Services Corporation routinely conducts business within the Eastern District of New York.

25. Defendant Manheim routinely conducts business within the Southern District of New York.

26. Defendant Manheim Automotive Dealer Services routinely conducts business within the Southern District of New York.

27. Defendant Manheim's Pennsylvania Auction Services routinely conducts business within the Southern District of New York.

28. Defendant Manheim's Remarketing Services routinely conducts business within the Southern District of New York.

29. Upon information and belief, Defendant Manheim New York has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that Defendant Manheim New York (i) has had employees engaged in commerce or in the production of goods and services for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had an annual gross volume of sales of not less than $500,000.00.

30. Upon information and belief, Defendant Manheim Services Corporation has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that Defendant Manheim Services Corporation (i) has had employees engaged in commerce or in the production of goods and services for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had an annual gross volume of sales of not less than $500,000.00.

31. Upon information and belief, Defendant Manheim has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that Defendant Manheim (i) has had employees

engaged in commerce or in the production of goods and services for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had an annual gross volume of sales of not less than $500,000.00.

32. Upon information and belief, Defendant Manheim Automotive Dealer Services has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that Defendant Manheim Automotive Dealer Services (i) has had employees engaged in commerce or in the production of goods and services for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had an annual gross volume of sales of not less than $500,000.00.

33. Upon information and belief, Defendant Manheim's Pennsylvania Auction Services has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that Defendant Manheim's Pennsylvania Auction Services (i) has had employees engaged in commerce or in the production of goods and services for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had an annual gross volume of sales of not less than $500,000.00.

34. Upon information and belief, Defendant Manheim's Remarketing Services has been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that Defendant Manheim's Remarketing Services (i) has had employees engaged in commerce or in the production of goods and services for commerce and handling, selling or otherwise working on goods or materials that

have been moved in or produced for commerce by any person and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## STATEMENT OF FACTS

### Defendants' Violations of the FLSA and New York State Labor Law

35. While employed by Defendants, Plaintiff was routinely regularly required to work between 70 and 80 hours a week.

36. Although Plaintiff routinely worked in excess of 40 hours a week, Defendants failed to pay Plaintiff overtime as required by the FLSA and New York State Labor Law.

37. Plaintiff had a broad range of duties while working for Defendants.

38. Defendants consistently violated the FLSA and New York State Labor Law by failing to properly compensate Plaintiff for hours worked.

39. Defendants also violated FLSA and New York State Labor Law by diverting commissions Plaintiff had earned, depriving her of commissions and other bonuses earned over the years.

### Retaliation against Plaintiff in Violation of the FLSA

40. Plaintiff complained to Defendants about Defendants' employment practices.

41. In making these complaints Plaintiff was engaging in a protected activity.

42. As an immediate consequence of Plaintiff's complaint's Defendants' managers retaliated against Plaintiff by harassing her, denying her reasonable accommodations for her disabilities, and ultimately forcing Plaintiff to resign.

## FIRST CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT)

43. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

44. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. Sections 206(a) and 207(a) and/or was employed in an enterprise engaged in commerce for the production of goods for commerce within the meaning of 29 U.S.C. Sections 206(a) and 207(a).

45. Defendants failed to pay overtime wages to the Plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207, *et seq.*, and 29 U.S.C. §§ 215, 216 *et seq.*, and their implementing regulations.

46. Defendants' actions are willful within the meaning of the FLSA.

47. Defendants' failure to comply with the FLSA overtime provisions caused Plaintiff to suffer loss of wages and interest thereon.

48. Due to Defendants' violations, Plaintiff is entitled to recover from Defendants, unpaid overtime compensation, an additional amount equal to liquidated damages, additional damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## (NEW YORK LABOR LAW)

49. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

50. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

51. Defendants failed to pay wages, accrued vacation, overtime wages, and bonuses and commissions due to the Plaintiff in violation of New York Labor Articles 6 and 19 and its implementing regulations, 12 NYCRR §142-2.2 *et. seq.*

52. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of Labor Law §663.

53. Defendants' failure to comply with the NEW YORK Labor Law overtime provisions caused Plaintiff to suffer loss of wages and interest thereon.

54. Due to Defendants' New York State Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid wages and unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to New York Labor Law § 663 (a) *et seq.*

### THIRD CAUSE OF ACTION
### (RETALIATION UNDER FAIR LABOR STANDARDS ACT)

55. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

56. At various times during her employment with Defendants, Plaintiff raised complaints concerning her failure to be properly compensated for overtime and for earned commissions.

57. Whenever Plaintiff raised these complaints Defendants' managers responded by harassing Plaintiff. In retaliation for her complaints, Defendant also denied Plaintiff reasonable

accommodations for her disability, reduced her sales territory, reduced her salary, and reduced her commission rate.

58. Defendants ultimately responded to Plaintiff's complaints by forcing her to resign.

59. Defendants verbal abuse, harassment, constructive termination of Plaintiff, and other retaliatory acts following her complaints for violations of the FLSA are in direct violation of Plaintiff's rights under 29 U.S.C. § 215(a)(3).

60. Plaintiff engaged in the protected activity of complaining to her employer regarding issues of overtime and other owed compensation. A causal link exists between the protected activity and adverse employment action as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such complaints.

61. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injuries and damages.

62. Plaintiff seeks relief as provided by 29 U.S.C. § 216(b), including, without limitation backpay for lost wages, commissions, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of Section 215(a)(3), including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

63. As Defendants' retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

64. Plaintiff also request damages for such additional relief as justice may require, together with costs, attorney fees, pre-judgment interest, post-judgment interest, and other appropriate relief as the Court may grant in this action.

## JURY DEMAND

65. Plaintiff hereby demands a trial by Jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a) On Plaintiff's First Cause of Action for Violations of the FLSA, an award of damages and unpaid overtime compensation due under the FLSA;

b) On Plaintiff's First Cause of Action for Violations of the FLSA, an award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. §§ 215, 216 *et seq.*;

c) On Plaintiff's Second Cause of Action for Violations of New York Labor Law, an award of damages and unpaid overtime compensation due under New York Labor Law;

d) On Plaintiff's Third Cause of Action for Retaliation in Violation of the FLSA, an award of liquidated damage as a result of Defendants' violations of the FLSA's anti-retaliation provisions, 29 U.S.C. § 215(a)(3);

On All Causes of Action:

l) An award of punitive damages;

m) An award of costs and expenses of this action together with Plaintiff's reasonable attorneys' fees and expert fees; and;

n) Granting such further relief as the Court finds just and proper.

Dated:      February 9, 2010
            Valhalla, New York

                                    Respectfully Submitted,

                                    **GLASS KRAKOWER LLP**

                                    By: _____
                                    Todd Krakower (TK-4568)
                                    Attorneys for Plaintiff
                                    20 Broadway, Suite 1
                                    Valhalla, New York 10595
                                    (914) 831-1386

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROL GOREY,

       Plaintiff,

-against-

MANHEIM NEW YORK, MANHEIM
SERVICES CORPORATION d/b/a MANHEIM
NEW YORK and d/b/a NEWBURGH AUTO
AUCTION, MANHEIM, Subsidiary of COX
ENTERPRISES, INC., MANHEIM
AUTOMOTIVE DEALER SERVICES, INC.,
MANHEIM'S PENNSYLVANIA AUCTION
SERVICES, INC., and MANHEIM'S
REMARKETING SOLUTIONS,

       Defendants.

## CONSENT TO SUE UNDER THE FLSA

1. I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid wages, overtime, liquidated damages, attorney's fees, costs and other relief arising out of my employment with MANHEIM SERVICES CORPORATION d/b/a MANHEIM NEW YORK d/b/a NEWBURGH AUTO AUCTION, and MANHEIM, Subsidiary of COX ENTERPRISES, INC., and any other related parties.

2. I authorize Glass Krakower LLP, any associated attorneys, as well as any successors or assigns, to represent me in such action.

Dated: 2/2/10

Carol Gorey

2